CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 05, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JONATHON TRAVIS WALKER,** | )<br>) |
| Plaintiff, | ) Case No. 7:25CV00046<br>) |
| v. | ) **OPINION**<br>) |
| **MIDDLE RIVER REGIONAL JAIL, ET AL.,** | ) J%{UDGE} J%{AMES} P. J%{ONES}<br>)<br>) |
| Defendants. | ) |

*Jonathon Travis Walker, Pro Se Plaintiff.*

The plaintiff, an unrepresented Virginia inmate, filed a civil rights action pursuant to 42 U.S.C. § 1983, complaining about living conditions at the Middle River Regional Jail (MRRJ).[1]  After review of the Complaint, I will summarily dismiss this action.

Walker's allegations are vague and undated.  In Claim 1, he alleges that "[w]hile incarcerated at [MRRJ], [he] was on numerous occasions denied the right to communicate/correspond with [his] spouse who was also incarcerated at MRRJ." Compl. 3, ECF No. 1.  He also alleges that "the staff repeatedly quoted Biblical scripture in an attempt to define/defend their various positions/policies, which is

---

[1] Walker is now incarcerated at a state prison facility.

contrary to the separation of church and state." *Id.* In Claim 2, Walker alleges that at MRRJ, he received "[s]ubstandard meals served in less than adult size portions, and with inadequate nutritional value." *Id.* He asserts that these "substandard meals contributed to [his] substan[t]ial loss of weight" while confined there. *Id.* As relief, Walker seeks punitive damages.[2]

Under 28 U.S.C. § 1915A(a), (b), the court may summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from . . . [an] officer or employee of a governmental entity" where the court finds that "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Walker lists the following as defendants in this case: MRRJ, Middle River Jail Authority, MMRJ management and staff, communication officers, investigative officers, and administrative staff. A local jail facility cannot qualify as a *person* subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992). Thus, Walker cannot sue MMRJ on his claims. He also

---

[2] Other forms of relief that Walker lists in his Complaint are not available through a civil rights action, such as release from incarceration and probation, expungement of criminal records, restoration of driver's license rights, forgiveness of all outstanding fines, or bringing disciplinary action against jail staff.

has no claim against the groups of jail staff he states in the complaint. Such groups cannot qualify as individual persons subject to suit under § 1983, and Walker fails to identify any individuals as defendants and fails to describe actions each individual took to violate his constitutional rights.

Walker's claim against the jail authority that operates the regional jail also fails on the facts he has alleged. Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a policy promulgated by the jail authority was "the moving force" behind what he complains. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (internal quotation marks and citation omitted). Walker has not alleged sufficient facts to demonstrate that any jail authority policy caused the alleged violations of his constitutional rights.

Because Walker's § 1983 claims cannot proceed against the jail, groups of jail staff, or the jail authority, I will summarily dismiss the action without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Such a dismissal leaves

Walker free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this Opinion.[3]

An appropriate Order will enter this day.

DATED:   June 5, 2025

/s/  JAMES P. JONES
Senior United States District Judge

---

[3] My recognition of Walker's opportunity to resubmit his claims in a new and separate civil action should not be taken as a finding that his allegations, if particularized, might state any proper § 1983 claim.  His current submission fails to provide any detailed description or even dates of events on which his claims are based or to state facts showing that the conditions of which he complains caused him any significant physical harm. Moreover, he is attempting to join unrelated claims against unrelated defendants in a manner that violates Rules 18 and 20 of the Federal Rules of Civil Procedure, regarding joinder of claims and defendants in federal civil actions.